UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA A. REINERSTON,                    ) | |
|                                           ) | |
|             Plaintiff,                    ) | CASE NO.  C02-1646-RSM |
|                                           ) | |
|         v.                                ) | REPORT AND RECOMMENDATION |
|                                           ) | |
| JO ANNE B. BARNHART,                      ) | |
| Commissioner of Social Security           ) | |
|                                           ) | |
|             Defendant.                    ) | |
| _____ ) | |

I. Background

On April 28, 2003, U.S. Magistrate John L. Weinberg issued a Report and Recommendation that the Commissioner's final decision be affirmed. Dkt. # 15. On June 19, 2003, U.S. District Court Judge Barbara Jacobs Rothstein adopted the recommendation, entering an order the following day. Dkt. # 18. On April 1, 2005, the Ninth Circuit filed memorandum disposition reversing and remanding the matter.

Motions for Attorney fees were filed by plaintiff while the matter was on appeal. Dkt. #'s 25, 27, 29. On August 4, 2005, the Ninth Circuit Court of Appeals transferred consideration of attorney fees on appeal to the District Court. Dkt. # 35. Elie Halpern, attorney for the Plaintiff requests $12,403.90 in fees, $820.70 in costs and $236.47 in expenses, and attorneys fees for Croil Anderson in the amount of $4,606.62, along with $192.54 in costs and $112.15 in expenses, based upon the Equal Access to the Justice Act ("EAJA"), 28 U.S.C. Section 2412.  The Defense objects to granting Plaintiff's attorneys fees request on this Sentence Four remand.

Report and Recommendation (C02-1646-RSM)- 1

II.  Discussion

EAJA permits courts to award reasonable costs and fees to the prevailing party in cases in which the United States is a party, its position was not substantially justified, and no special circumstances exist that would make the award unjust. 28 U.S.C. §§ 2412(b), (d). In the present case, defendant argues that the Commissioner's position was substantially justified and therefore an award of fees is inappropriate or, in the alternative, defendant argues that plaintiff's requested attorney fees are unreasonably excessive.

A.  Substantial Justification

The Commissioner's position is substantially justified for EAJA purposes if it had a reasonable basis in fact and law. Russell v. Sullivan, 930 F .2d 1443, 1445 (9th Cir. 1991). In other words, this Court must inquire whether the position "was justified 'to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The position need not be "justified to a high degree," however, it must be "more than merely underserving of sanctions for frivolousness." Pierce, 487 U.S. at 565-66. The government carries the burden of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). In addition, the government's "failure to prevail does not raise a presumption that its position was not substantially justified." Id. In determining whether the government's position was substantially justified, the Court must examine the government's decision to defend on appeal the Administrative Law Judge's ("ALJ's") procedural errors. Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998). The Court is not required to examine whether plaintiff is actually disabled. Id.

That Plaintiff is the prevailing party is not disputed. Dkt. # 29. The gravamen of the Commissioner's objection is that fees are not warranted unless Section 2412

Report and Recommendation (C02-1646-RSM)- 2

(d)(2)(B) requirements are met.  This statue penalizes the government for litigation that is not substantially justified.  Plaintiff's Motion Dkt. # 25. Pierce v. Underwood, 108 S.Ct. 2451, 2550 (1988) holds that the governments have a reasonable basis in law and in fact to find substantial justification.  Pirus v. Bowen, 869 F.2d 536 (1989).  The Government urges that where there is a close case, it logically follows that there was substantial justification.  They argue in part, that the language of dissent by Circuit Judge Goodwin affirming the ALJ's decision underscores the Government's substantial justification.   The immediate appeal of these argument lies in the fact that reasonable minds of judges in fact differed on the issues presented, however, Pierce rejects that argument.  487 U.S. 552, at 568.

The appellate court, as plaintiff argues, must examine the merits of the ALJ's decision using a deferential standard of review which found various factual errors.  First, the court found that: 1) the ALJ erred in the Plaintiff's credibility finding; 2) the ALJ erred in finding improper motive, or secondary gain; and 3) the ALJ erred in mistaken reliance upon the medical opinions of Dr. Rodin and Dr. Birkeland.  Reinerston v. Barnhart, No. 03-35646, 2005 WL 736686 (9th Cir. Apr. 1, 2005.)  Accordingly, these errors provide sufficient support to a remand.  Because factual errors in the record are known or should be known by the parties at the time of appeal, the position of the government was not substantially justified.  Pierce, 487 U.S. 552.

B. Reasonable Attorneys Fees

EAJA permits courts to award "reasonable" attorney fees to the prevailing party.  28 U.S.C. §§2412(d)(1)(A), (d)(2)(A).   Plaintiff's counsel asks to be remunerated for the work of two attorneys, arguing that plaintiff's counsel expended an excessive number of hours on the case and thus the attorneys' fees requested are not reasonable.

//

Report and Recommendation (C02-1646-RSM)- 3

Specifically, the government points to the number of appellate hours (111) as unreasonably large and cites to other cases but without regard to the complexity of issues presented, nor their pertinence here.  Such a challenge is too superficial and is insufficiently persuasive.  Accordingly, the Court shall grant the award of attorneys fees requested in this case as enumerated in the Declaration by Elie Halpern. Dkt # 26.

III.  Conclusion

Based on the record evidence, the undersigned recommends that plaintiff's motion for attorney fees and costs (Dkt. # 29) be GRANTED in the amount of $12,403.90 in fees, $820.70 in costs and $236.47 in expenses and, for attorneys fees for Croil Anderson in the amount of $4,606.62 along with $192.54 in costs and $112.15 in expenses.  A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of May, 2006.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

Report and Recommendation (C02-1646-RSM)- 4